IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05332-PAB

SILVIO CESAR BOSSEI,

Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of DHS,
DAVID VENTURELLA, Director of ICE,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Silvio Cesar Bossei's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 7.

## I. Background[1]

Petitioner[2] was born in Brazil. Docket No. 1 at 5. He entered the United States in April 2019 with a B-2 visa, which expired in October 2019. *Id.*

---

[1] Petitioner asserts various facts in the habeas petition. Docket No. 1. Respondents do not dispute the facts. Docket No. 7. Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 2. Thus, the Court accepts as true the facts taken from the habeas petition.

[2] Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In 2025, petitioner was arrested in Utah by local law enforcement, charged and convicted of misdemeanor assault, and sentenced to 24 months of probation. *Id.*

On February 24, 2025, petitioner was detained by Immigration and Customs Enforcement ("ICE") officers, placed in removal proceedings, and transferred to the Aurora ICE Detention Center. *Id.* Petitioner alleges he was arrested without a warrant. *Id.* On October 31, 2025, an immigration judge denied his petition for asylum and ordered petitioner removed to Brazil. *Id.* at 6. Petitioner appealed the order of removal, which the Board of Immigration Appeals affirmed. *Id.* Petitioner has filed a petition for review in the United States Court of Appeals for the Tenth Circuit, which is currently pending. *Id.; see Bossei v. Blanche,* No. 26-9570 (10th Cir. July 30, 2026).

On October 19, 2026, petitioner filed the instant habeas petition. Docket No. 1. He asserts the following claims:

(1) "My prolonged detention violates *Zadvydas v. Davis,* 533 U.S. 678 (2001)"

(2) "I was arrested by DHS/ICE without a warrant of arrest. It violates *Ramirez Ovando v. Noem, 810 F. Supp.3d 1209 (D. Colo. 2025)"*

(3) "My warrantless arrest violates the Fourth Amendment"

(4) "Violation of the Due Process under the Fifth Amendment and the Immigration and Nationality Act (INA), and the INA's implementing Regulations"

*Id.* at 5. For relief, he seeks immediate release. *Id.* at 11.

On November 3, 2026, respondents filed a response. Docket No. 7. Respondents state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

Construing his allegations liberally, petitioner challenges his current immigration detention because he was deprived of his liberty without adequate due process when he was arrested without a warrant on February 24, 2025. Docket No. 1 at 5. As relief, petitioner seeks release from detention. *Id. a*t 11.

Respondents do not dispute petitioner's claims and agree that, if the Court grants the petition, the appropriate relief is for the Court to order respondents to "release Petitioner from detention." Docket No. 7 at 2. Respondents have therefore waived any arguments in opposition to petitioner's claim that his detention violates due process. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."); *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted)). The Court will therefore grant the application and order petitioner's release.

## III. Conclusion

Therefore, it is

**ORDERED** that petitioner Silvio Cesar Bossei's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge